**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-8700-JFW(PVCx)** | | Date: November 6, 2025 |
| Title: | Eloy Guillermo Mora *-v-* General Motors, LLC, et al. | | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 10/14/2025; Docket No.15]**

On October 14, 2025, Plaintiff Eloy Guillermo Mora ("Plaintiff") filed a Motion to Remand. On October 27, 2025, Defendants General Motors LLC ("GM") and Cumming Chevrolet (collectively, "Defendants") filed their Opposition. On November 3, 2025, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 17, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 13, 2025, Plaintiff filed a Complaint against Defendants in Los Angeles County Superior Court and, on March 28, 2025, filed a First Amended Complaint. Plaintiff alleges that, on June 9, 2021, he purchased a 2021 Chevrolet Suburban (the "Subject Vehicle"), manufactured and/or distributed by Defendants. He claims that the Subject Vehicle had engine defects covered by Defendants' express warranties and that Defendants (or its authorized service and repair facility) failed to repair the vehicle after a reasonable number of attempts, and failed to promptly replace the vehicle or provide restitution to Plaintiff. Plaintiff alleges claims arising under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.,* the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, and the Uniform Commercial Code.[1] Plaintiff seeks, *inter alia*, actual damages; restitution; consequential and incidental damages; a civil penalty up to two times the amount of actual damages; remedies authorized by California

---

[1] On May 28, 2025, Plaintiff dismissed his seventh cause of Action under the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

Commercial Code §§ 2711, 2712, and/or 2713; and reasonable attorneys' fees.  Plaintiff, however, does not expressly allege the purchase price of the Vehicle, the amount of damages sought, or the amount in controversy in the Complaint or First Amended Complaint.

On June 27, 2025, Defendants GM and Cumming Chevrolet each filed its respective Answer.  On September 12, 2025, after conducting a preliminary investigation and determining that the amount in controversy for the federal MMWA claim exceeded $50,000,  Defendants removed the action to this Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff moves to remand on the grounds that Defendants' removal of the action was untimely, or in the alternative, on the grounds that Defendants have failed to meet their heavy burden of establishing that the amount in controversy exceeds the jurisdictional threshold of $50,000.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

 Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  A defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Generally, removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).  With respect to a MMWA claim, federal question jurisdiction does not exist unless the amount in controversy exceeds $50,000.  *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004); 15 U.S.C. § 2310(d)/

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal.  28 U.S.C. § 1446(a)–( c).  The notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1); or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) ; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93, 695 (9th Cir. 2005).

The latter thirty-day period for removal begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain."  *Dietrich v. Boeing Co.*,

14 F.4th 1089, 1095 (9th Cir. 2021).  Although "other paper" is not defined by the statute, the Ninth Circuit has interpreted this term broadly.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (holding that the plaintiffs "need only provide to the defendant a document from which removability may be ascertained . . . [to] trigger the thirty-day removal period").  "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in § 1332(a)," an "other paper" under subsection (b)(3) may derive from "information relating to the amount in controversy in the record of the State proceedings or in responses to discovery."  28 U.S.C. § 1446(c)(3)(A).

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court."  *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).

### III.     DISCUSSION

In his Motion, Plaintiff argues that Defendants' removal of this action was untimely, because Defendants could have easily ascertained that the amount in controversy exceeded $50,000 (for the MMWA claim) from the face of Plaintiff's Complaint.  In the alternative, Plaintiff argues that Defendants have failed to meet their burden of demonstrating that the amount in controversy exceeds $50,000.  In their Opposition, Defendants argue that it is not clear on the face of the Complaint or First Amended Complaint that federal question jurisdiction existed and, as a result, Defendants' deadline to remove was not triggered by Defendants' receipt of the Complaint or First Amended Complaint.  Defendants also argue that they have demonstrated by a preponderance of the evidence that the amount in controversy for the MMWA claim exceeds $50,000.

#### A.     Defendants' Notice of Removal Was Not Untimely

Despite Plaintiff's argument to the contrary, the Court concludes that it is not clear from the face of the Complaint or First Amended Complaint that this action was removable based on federal question jurisdiction.  *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005) (holding that although "the Magnuson-Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty," a claim cannot be brought in federal court under the MMWA if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit); *see also* 15 U.S.C. § 2310(d)(3).

In their Notice of Removal, Defendants allege that they removed this action on the basis of federal question jurisdiction once their independent investigation revealed that the amount in controversy was in excess of $50,000.  Plaintiff argues, however, that given Defendants' sophisticated knowledge of the motor vehicle industry, Defendants could have estimated the amount in controversy by estimating the value of the Subject Vehicle based on the make, model, year, and VIN alleged in the Complaint.  Plaintiff also argues that Defendants possessed all of the jurisdictional facts necessary to remove this action prior to the initiation of this action because Plaintiff provided the Subject Vehicle's Retail Installment Sales Contract and all repair orders to Defendants on January 4, 2025  pursuant to California Code of Civil Procedure § 871.24.  However, the Ninth Circuit has held that the first thirty-day removal period is triggered only where the initial pleading contains the facts giving rise to removability, without reference to any

information or knowledge in the possession of the defendant.  *See, e.g., Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005).  In *Harris*, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris,* 425 F.3d at 694.  The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  *Harris*, 425 F.3d at 697.  In *Kuxhausen*, the Ninth Circuit reiterated that "defendants need not make extrapolations or engage in guesswork" to determine whether the amount in controversy requirement is satisfied.  *Kuxhausen*, 707 F.3d at 1140.  Moreover, as relevant here, in *Carvalho v. Equifax Information Services*, *LLC,* the Ninth Circuit concluded that pre-litigation documents are irrelevant to the deadlines to remove under 28 U.S.C. § 1446(b).  *Carvahlo v. Equifax Information Services, LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[W]e conclude that any document received prior to the receipt of the initial pleading cannot trigger the second thirty-day removal window."); *id*. ("We would eviscerate our holding in *Harris* if we required defendants to rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable.").

Notably, district courts in this circuit have denied motions to remand that are substantially similar to the one brought by Plaintiff in this action.  *See, e.g., Alvarez-Munguia v. Ford Motor Company*, 2024 WL 69076 (N.D. Cal. Jan. 5, 2024) ("The Court finds that service of the summons and complaint did not trigger the first thirty-day removal period, because the complaint does not allege facts showing that the amount in controversy exceeds $75,000"); *Agasang v. Jaguar Land Rover N. Am., LLC*, 2023 WL 8234641, at *2 (C.D. Cal. Nov. 27, 2023) ("Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages sought exceeded the amount-in-controversy requirement under § 1332"); *Alcazar v. Nissan N. Am., Inc*., 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) ("Alcazar argues that Nissan's 'sophistication and knowledge of the motor vehicle industry' should have put it on notice that the amount-in-controversy requirement was met, . . . but removability is determined from the pleadings and not the defendant's subjective knowledge, *see Harris*, 425 F.3d at 694"); *Moran v. Ford Motor Co.*, 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) (concluding that "while Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so" and "[t]he fact that Defendant could have made a further inquiry to estimate the subject vehicle's purchase price is insufficient to trigger the thirty-day clock") (internal quotation marks and citation omitted).

Accordingly, the Court concludes that Defendants' Notice of Removal was timely because it is not clear from the face of the Complaint or First Amended Complaint that this action was removable.

**B.     Defendants Have Adequately Demonstrated That the Amount in Controversy Exceeds $50,000**

Plaintiff also argues that Defendants have failed to meet their burden of demonstrating, by a preponderance of the evidence, that the amount in controversy for the MMWA claim exceeds $50,000. The Court disagrees, and concludes that Defendants have adequately demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $50,000.

Courts look at state law to guide them in determining damages available under the MMWA. *See Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 2019 WL 1651618, at *2 (C.D. Cal. Apr. 16, 2019). With respect to his MMWA claim, Plaintiff seeks damages under California Commercial Code sections 2711, 2712, and/or 2713. Although Plaintiff does not expressly specify which measure of damages he seeks to use, Defendants reasonably use the formula for damages set forth in California Commercial Code § 2713, i.e., "the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages." *See* First Amended Complaint ¶ 41 ("Defendants' breach of the implied warranty and express warranty deprived Plaintiff of the benefits of their bargain.").

In the Notice of Removal, Defendants alleged that the amount in controversy exceeded $50,000, based on the purchase price for the Subject Vehicle, the applicable offsets, and recoverable attorneys' fees. In their Opposition, Defendants further explained their calculation of the amount in controversy. Specifically, without even including any recoverable attorneys' fees, Defendants estimate that the amount in controversy is at least $64,539.12, based on the purchase price for the Subject Vehicle ($111,168.12) and the odometer reading of 41,302 miles when Plaintiff first presented the Subject Vehicle for repair (resulting in a reasonable estimate of the fair market value for the Subject Vehicle of $46,629.00). Accordingly, based on the evidence provided with Defendants' Opposition, the Court concludes that Defendants reasonably calculated that the amount in controversy for the MMWA claim exceeds $50,000 ($111,168.12 - $46,629.00 = $64,539.12).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.


IT IS SO ORDERED.